# EXHIBIT A

10/1/2019 12:08 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37275432
By: Nelson Cuero
Filed: 10/1/2019 12:08 PM

# 2019-71794 / Court: 165

No.: _____

| | | |
|---|---|---|
| Muhammad Kamran and Zakia Kamran | § | In the  District Court of |
| | § | |
| vs. | § | Harris County, Texas |
| | § | |
| Inspectorate America Corp. and Eagle Ship | § | |
| Management, LLC | § | _____ Judicial District |

**Plaintiffs' Original Petition, Jury Demand and Request for Disclosure**

COME NOW Plaintiffs, Muhammad Kamran and Zakia Kamran, complaining of Defendants, Inspectorate America Corp. and Eagle Ship Management, LLC, and for cause of action would show as follows:

## 1. Discovery Level

1.1     Plaintiffs intend to conduct discovery in this matter under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. Per Texas Rule of Civil Procedure 47(c)(5), Plaintiffs seek an amount exceeding $1,000,000.00.

## 2. Parties

2.1 Plaintiff, Muhammad Kamran, is a citizen and resident of Harris County, Texas.

2.2 Plaintiff, Zakia Kamran, is a citizen and resident of Harris County, Texas.

2.3 Defendant, Inspectorate America Corp. ("Inspectorate"), is a corporation with its principal place of business in Harris County, Texas and may be served by serving its registered agent, CT Corporation System at 1999 Bryan St., Suite 900, Dallas, TX 75201-3136.

2.4 Defendant, Eagle Ship Management, LLC ("Eagle Ship"), is a limited liability company and may be served by serving its registered agent, Corporation Service Company at 50 Weston Street, Hartford, CT 06120-1537.

### 3. Venue

3.1 Venue is proper in Harris County, Texas, because all or a substantial part of the events giving rise to this claim occurred in Harris County, Texas.

### 4. Background Facts and Legal Claims

4.1 On or about June 24, 2019, Mr. Kamran was working aboard the M.V. Imperial Eagle, in Harris County, Texas, at the Port of Houston, Woodhouse Dock #4, performing a bunker quantity survey job.  The Job Number of the job in question was SKK1906030.  At that time, the M.V. Imperial Eagle was laside Bunker Barge Shamrock 502.  Mr. Kamran needed to transfer from the M.V. Imperial Eagle to the Shamrock 502. The only available means of doing so on the M.V. Imperial Eagle was by a rope ladder hanging over the upper railing.  As Mr. Kamran attempted to use this ladder, he fell to the deck of the barge, sustaining catastrophic injuries.

4.2 Nothing Mr. Kamran did, or failed to do, caused the occurrence in question.  To the contrary, the occurrence in question was proximately caused by the negligence and gross negligence of the Defendants.

4.3 Defendant Inspectorate employed Mr. Kamran before and at the time of the incident in question.  Mr. Kamran performed the job in question as an employee of Inspectorate.  Before and at the time of the incident in question, Mr. Kamran was in the service of Inspectorate with the understanding, express and/or implied, that Inspectorate had the right to direct the details of Mr. Kamran's work and not merely the result to be accomplished.

4.4 In connection with the job in question, Mr. Kamran signed multiple documents on behalf of Defendant Inspectorate, including but not limited to time logs, vessel measurement reports, bunker barge ullage reports, and sample receipt and distribution reports.  Defendant

Inspectorate authorized Mr. Kamran to execute such materials on its behalf as its employee, and ratified and submitted these documents containing these representations to others in connection with the job in question, including the Chief Engineer of the M/V Eagle, and was paid based in part on these representations.

4.5 Defendant Inspectorate failed to secure payment of compensation as required by 33 USC 905(a), and Plaintiffs elect to maintain this action for damages on account of injuries sustained by Mr. Kamran as a result of the incident in question.  In this action, per 33 USC 905(a), Defendant Inspectorate may not plead as a defense that the injury was due to the contributory negligence of Mr. Kamran.

4.6 Inspectorate was negligent which was a proximate cause of the incident in question. Such negligence includes, but is not limited to, the following:

- Failing to provide Mr. Kamran with a safe place to work;

- Failing to provide Mr. Kamran with the means and equipment to do his job safely;

- Failing to properly train Mr. Kamran on how to do his job safely;

- Failing to properly supervise Mr. Kamran concerning safe work;

- Failing to train Mr. Kamran on safely transferring between and/or off of vessels;

- Failing to provide Mr. Kamran with means and equipment to safely transfer between and/or off vessels;

- Violating 29 U.S.C. 1915.74 in failing to provide safe access to vessels afloat, safe access to barges, and a safe Jacob's ladder, which constitutes negligence *per se* (Plaintiffs hereby invoke the "Pennsylvania Rule" based on the violation of these regulations);

- Violating 29 U.S.C. 1918.23 in failing to provide a safe Jacob's ladder and in failing to provide suitable protection, including but not limited to a safety harness and other appropriate fall protection means and equipment, which constitutes negligence *per se* (Plaintiffs hereby invoke the "Pennsylvania Rule" based on the violation of these regulations);

- Violating 49 CFR 96.40-1, which constitutes negligence *per se* (Plaintiffs hereby invoke the "Pennsylvania Rule" based on the violation of these regulations); and

- Violating other applicable rules and regulations, which constitutes negligence *per se* (Plaintiffs hereby invoke the "Pennsylvania Rule" based on the violation of these regulations).

4.7 Defendant Eagle Ship was negligent per 33 USC 905(b) in (1) turning its vessel over in a dangerous condition, including but not limited to providing a defective rope ladder, improperly rigging and setting up the rope ladder, not providing a safety harness or any fall protection, and not providing access to the gangway, (2) retaining control over part of the operation in question, and (3) failing to intervene in the operation in question, each of which was a proximate cause of the incident in question.

4.8 Defendants Inspectorate America Corp. and Eagle Ship Management, LLC, were grossly negligent and acted with malice, as that term is understood under Texas law, and such conduct was a proximate cause of Plaintiffs' injuries. Defendant's malicious and grossly negligent conduct justifies the imposition of punitive and exemplary damages both as punishment of Defendants and their callous disregard for the safety of individuals such as Muhammad Kamran and Zakia Kamran. Plaintiffs therefore asks for punitive and exemplary damages in addition to all actual damages.

4.9 Plaintiffs reserve the right to request relief for spoliation of evidence to the extent Defendants destroyed and/or failed to preserve all relevant evidence, including video evidence as well as all relevant physical evidence to include the ladder in question.

4.10 By virtue of the actions and conduct of Defendants as set forth above, Mr. Kamran has suffered severe bodily injuries and damages.  By reason of those injuries and the damages flowing in law therefrom, this suit is maintained.  Because of the nature and severity of the injuries sustained, Mr. Kamran has suffered physical pain and mental anguish and in reasonable probability will continue to suffer physical pain and mental anguish in the future.  He has and will continue to suffer physical impairment and disfigurement.  Because of the action and conduct of Defendants herein, Mr. Kamran has sustained very painful and disabling physical injuries that have caused him to sustain a loss of earnings and wage earning capacity in the past, and this condition will, in all probability, continue for some time into the future.  Because of the nature and severity of the injuries Mr. Kamran sustained, he has required medical treatment in the past, and in reasonable probability be made in the future have been and will be reasonable charges made necessary by the occurrence in question.

4.11 Based on the catastrophic injuries sustained by Mr. Kamran at the time of the incident, Zakia Kamran has sustained a loss of household services in the past, and will suffer a continuing loss of household services in to the future.  In addition, Zakia Kamran has sustained a loss of consortium in the past, and will suffer a continuing loss of consortium in the future.

## 5. Pre- and Post-Judgment Interest

5.1 Plaintiffs would additionally say and show that they are entitled to recovery of prejudgment interest in accordance with law and equity as part of his damages herein, and Plaintiffs

here and now sue for recovery of prejudgment interest as provided by law and equity, under the applicable provisions of the laws of the State of Texas.

**6. Jury Demand and Request for Disclosures**

    6.1 Plaintiffs hereby request a trial by jury.

    6.2 Plaintiffs also request that Defendants submit Responses to Disclosures.

**7. Conclusion and Prayer**

    WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that Defendants be cited to appear and answer, and that on final trial Plaintiffs have:  (1) judgment against Defendants, for actual, compensatory and exemplary damages in accordance with the evidence; (2) pre-judgment and post-judgment interest as provided by law; (3) costs of court; (4) attorney's fees; and (5) such other and further relief, general and special, to which Plaintiffs may show themselves justly entitled at law and in equity.

Respectfully submitted,

**VB Attorneys**

*/s/ Vuk Vujasinovic*
Vuk Vujasinovic
**Vuk@vbattorneys.com**
State Bar No. 00794800
Job Tennant
**Job@vbattorneys.com**
State Bar No. 24106501
6363 Woodway Dr., Suite 400
Houston, Texas 77057
713/224-7800 (Office)
713/224-7801 (Facsimile)
***Attorneys for Plaintiffs***

10/23/2019 11:45 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37890466
By: Adiliani Solis
Filed: 10/23/2019 11:45 AM

No.: 2019-71794

| | | |
|---|---|---|
| Muhammad Kamran and Zakia Kamran | § | In the District Court of |
| | § | |
| vs. | § | Harris County, Texas |
| | § | |
| Inspectorate America Corp., Eagle Ship | § | |
| Management LLC, and SFK Inc. d/b/a SKK | § | 165th Judicial District |
| Marine | § | |

**Plaintiffs' First Amended Petition, Jury Demand and Request for Disclosure**

COME NOW Plaintiffs, Muhammad Kamran and Zakia Kamran, complaining of Defendants, Inspectorate America Corp., Eagle Ship Management LLC, and SFK Inc. d/b/a SKK Marine, and for cause of action would show as follows:

**1. Discovery Level**

1.1      Plaintiffs intend to conduct discovery in this matter under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. Per Texas Rule of Civil Procedure 47(c)(5), Plaintiffs seek an amount exceeding $1,000,000.00.

**2. Parties**

2.1 Plaintiff, Muhammad Kamran, is a citizen and resident of Harris County, Texas.

2.2 Plaintiff, Zakia Kamran, is a citizen and resident of Harris County, Texas.

2.3 Defendant, Inspectorate America Corp. ("Inspectorate"), is a corporation with its principal place of business in Harris County, Texas and may be served by serving its registered agent, CT Corporation System at 1999 Bryan St., Suite 900, Dallas, TX 75201-3136.

2.4 Defendant, Eagle Ship Management, LLC ("Eagle Ship"), is a limited liability company and may be served by serving its registered agent, Corporation Service Company at 50 Weston Street, Hartford, CT 06120-1537.

2.4     Defendant, SFK Inc. d/b/a SKK Marine ("SKK"), is a domestic for-profit corporation with its principal place of business in Harris County, Texas and may be served by serving its registered agent, Wayne R. Miller, 16000 Dallas Parkway, Suite 300, Dallas, TX 75248

## 3. Venue

3.1 Venue is proper in Harris County, Texas, because all or a substantial part of the events giving rise to this claim occurred in Harris County, Texas.

## 4. Background Facts and Legal Claims

4.1 On or about June 24, 2019, Mr. Kamran was working aboard the M.V. Imperial Eagle, in Harris County, Texas, at the Port of Houston, Woodhouse Dock #4, performing a bunker quantity survey job.   The Job Number of the job in question was SKK1906030.   At that time, the M.V. Imperial Eagle was aside Bunker Barge Shamrock 502.   Mr. Kamran needed to transfer from the M.V. Imperial Eagle to the Shamrock 502. The only available means of doing so on the M.V. Imperial Eagle was by a rope ladder hanging over the upper railing.   As Mr. Kamran attempted to use this ladder, he fell to the deck of the barge, sustaining catastrophic injuries.

4.2 Nothing Mr. Kamran did, or failed to do, caused the occurrence in question.   To the contrary, the occurrence in question was proximately caused by the negligence and gross negligence of the Defendants.

4.3 Defendants Inspectorate, SKK and/or Eagle Ship employed Mr. Kamran before and at the time of the incident in question.   Mr. Kamran performed the job in question as an employee of Inspectorate, SKK and/or Eagle Ship.   Before and at the time of the incident in question, Mr. Kamran was in the service of Inspectorate, SKK and/or Eagle Ship with the understanding, express

and/or implied, that Inspectorate, SKK and/or Eagle Ship had the right to direct the details of Mr. Kamran's work and not merely the result to be accomplished.

4.4 In connection with the job in question, Mr. Kamran signed multiple documents on behalf of Defendant Inspectorate, including but not limited to time logs, vessel measurement reports, bunker barge ullage reports, and sample receipt and distribution reports. Defendant Inspectorate authorized Mr. Kamran to execute such materials on its behalf as its employee, and ratified and submitted these documents containing these representations to others in connection with the job in question, including the Chief Engineer of the M/V Eagle, and was paid based in part on these representations.

4.5 Defendants Inspectorate, SKK and/or Eagle Ship failed to secure payment of compensation as required by 33 USC 905(a), and Plaintiffs elect to maintain this action for damages on account of injuries sustained by Mr. Kamran as a result of the incident in question. In this action, per 33 USC 905(a), Defendants may not plead as a defense that the injury was due to the contributory negligence of Mr. Kamran.

4.6 Defendants Inspectorate, SKK and/or Eagle Ship were negligent which was a proximate cause of the incident in question. Such negligence includes, but is not limited to, the following:

- Failing to provide Mr. Kamran with a safe place to work;

- Failing to provide Mr. Kamran with the means and equipment to do his job safely;

- Failing to properly train Mr. Kamran on how to do his job safely;

- Failing to properly supervise Mr. Kamran concerning safe work;

- Failing to train Mr. Kamran on safely transferring between and/or off of vessels;

- Failing to provide Mr. Kamran with means and equipment to safely transfer between and/or off vessels;

- Violating 29 U.S.C. 1915.74 in failing to provide safe access to vessels afloat, safe access to barges, and a safe Jacob's ladder, which constitutes negligence *per se* (Plaintiffs hereby invoke the "Pennsylvania Rule" based on the violation of these regulations);

- Violating 29 U.S.C. 1918.23 in failing to provide a safe Jacob's ladder and in failing to provide suitable protection, including but not limited to a safety harness and other appropriate fall protection means and equipment, which constitutes negligence *per se* (Plaintiffs hereby invoke the "Pennsylvania Rule" based on the violation of these regulations);

- Violating 49 CFR 96.40-1, which constitutes negligence *per se* (Plaintiffs hereby invoke the "Pennsylvania Rule" based on the violation of these regulations); and

- Violating other applicable rules and regulations, which constitutes negligence *per se* (Plaintiffs hereby invoke the "Pennsylvania Rule" based on the violation of these regulations).

4.7 Defendant Eagle Ship was negligent per 33 USC 905(b) in (1) turning its vessel over in a dangerous condition, including but not limited to providing a defective rope ladder, improperly rigging and setting up the rope ladder, not providing a safety harness or any fall protection, and not providing access to the gangway, (2) retaining control over part of the operation in question, and (3) failing to intervene in the operation in question, each of which was a proximate cause of the incident in question.

4.8 Defendants were grossly negligent and acted with malice, as that term is understood under Texas law, and such conduct was a proximate cause of Plaintiffs' injuries. Defendant's

malicious and grossly negligent conduct justifies the imposition of punitive and exemplary damages both as punishment of Defendants and their callous disregard for the safety of individuals such as Muhammad Kamran and Zakia Kamran.   Plaintiffs therefore asks for punitive and exemplary damages in addition to all actual damages.

4.9 Plaintiffs reserve the right to request relief for spoliation of evidence to the extent Defendants destroyed and/or failed to preserve all relevant evidence, including video evidence as well as all relevant physical evidence to include the ladder in question.

4.10 By virtue of the actions and conduct of Defendants as set forth above, Mr. Kamran has suffered severe bodily injuries and damages.   By reason of those injuries and the damages flowing in law therefrom, this suit is maintained.   Because of the nature and severity of the injuries sustained, Mr. Kamran has suffered physical pain and mental anguish and in reasonable probability will continue to suffer physical pain and mental anguish in the future.   He has and will continue to suffer physical impairment and disfigurement.   Because of the action and conduct of Defendants herein, Mr. Kamran has sustained very painful and disabling physical injuries that have caused him to sustain a loss of earnings and wage earning capacity in the past, and this condition will, in all probability, continue for some time into the future.   Because of the nature and severity of the injuries Mr. Kamran sustained, he has required medical treatment in the past, and in reasonable probability be made in the future have been and will be reasonable charges made necessary by the occurrence in question.

4.11 Based on the catastrophic injuries sustained by Mr. Kamran at the time of the incident, Zakia Kamran has sustained a loss of household services in the past, and will suffer a continuing loss of household services in to the future.   In addition, Zakia Kamran has sustained a loss of

consortium in the past, and will suffer a continuing loss of consortium in the future.

**5. Pre- and Post-Judgment Interest**

5.1 Plaintiffs would additionally say and show that they are entitled to recovery of prejudgment interest in accordance with law and equity as part of his damages herein, and Plaintiffs here and now sue for recovery of prejudgment interest as provided by law and equity, under the applicable provisions of the laws of the State of Texas.

**6. Jury Demand and Request for Disclosures**

6.1 Plaintiffs hereby request a trial by jury.

6.2 Plaintiffs also request that Defendants submit Responses to Disclosures.

**7. Conclusion and Prayer**

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that Defendants be cited to appear and answer, and that on final trial Plaintiffs have:  (1) judgment against Defendants, for actual, compensatory and exemplary damages in accordance with the evidence; (2) pre-judgment and post-judgment interest as provided by law; (3) costs of court; (4) attorney's fees; and (5) such other and further relief, general and special, to which Plaintiffs may show themselves justly entitled at law and in equity.

Respectfully submitted,

**VB Attorneys**

*/s/ Vuk Vujasinovic*
Vuk Vujasinovic
**Vuk@vbattorneys.com**
State Bar No. 00794800
Job Tennant
**Job@vbattorneys.com**
State Bar No. 24106501
6363 Woodway Dr., Suite 400
Houston, Texas 77057

713/224-7800 (Office)
713/224-7801 (Facsimile)
*Attorneys for Plaintiffs*

Unofficial Copy Office of Marilyn Burgess District Clerk

10/28/2019 8:37 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37995670
By: Bristalyn Daniels
Filed: 10/28/2019 8:37 AM

CAUSE NO. 2019-71794

| | | |
|---|---|---|
| MUHAMMAD KAMRAN | § | IN THE DISTRICT COURT OF |
| AND ZAKIA KAMRAN | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| INSPECTORATE AMERICA CORP. | § | |
| AND EAGLE SHIP MANAGEMENT, LLC | § | 165TH JUDICIAL DISTRICT |

## DEFENDANT EAGLE SHIP MANAGEMENT LLC'S
## ORIGINAL ANSWER TO PLAINTIFFS' ORIGINAL PETITION

COMES NOW Eagle Ship Management LLC ("Defendant") in answer to Plaintiffs'

Original Petition to respectfully show the following:

### A.  GENERAL DENIAL

1.       Defendant generally denies the allegations in Plaintiffs' Original Petition pursuant to

Rule 92 of the Texas Rules of Civil Procedure, and Defendant demands that Plaintiff be required to

prove the charges and allegations against it by a preponderance of the evidence as required by the

Constitution and laws of the State of Texas, as well as substantive and procedural laws of the United

States, or otherwise, as may be appropriate.

### B.  OTHER DEFENSES

2.       For further answer, if such is necessary and without waiving the foregoing, the

incident did not occur as alleged.

3.       For further answer, if such is necessary and without waiving the foregoing,

Muhammad Kamran and Zakia Kamran ("jointly referred to as Plaintiffs") were not injured as

alleged and have not suffered the damages and/or disabilities claimed herein.

4.       For further answer, if such is necessary and without waiving the foregoing,

Defendant is not liable as alleged.

23,469♦9PMLFO114

5.      For further answer, if such is necessary and without waiving the foregoing, Plaintiffs' alleged injuries and damages, if any, were proximately caused by Muhammad Kamran's own contributory negligence/comparative fault for which Defendant is not responsible.

6.      For further answer, if such is necessary and without waiving the foregoing, Plaintiffs' alleged injuries and damages, if any, are the result in whole or in part of preexisting and/or subsequently occurring illnesses, injuries and/or bodily conditions of Muhammad Kamran unrelated to the alleged incident herein and for which Defendant has no legal liability.

7.      For further answer, if such is necessary and without waiving the foregoing, Plaintiffs' alleged injuries and damages, if any, were proximately caused, in whole or in part, by the negligence and/or breach of duty of third parties and/or by instrumentalities for which Defendant is not legally responsible.

8.      For further answer, if such is necessary and without waiving the foregoing, Plaintiffs have not been injured and/or sustained damages to the extent alleged, and Muhammad Kamran's ability to return to gainful employment has not been significantly diminished, if at all, by the alleged injury made the basis of suit herein.

9.      For further answer, if such is necessary and without waiving the foregoing, Plaintiffs have failed to mitigate their damages, if any.

10.     For further answer, if such is necessary and without waiving the foregoing, Plaintiffs' damages, if any, were the result of open and obvious conditions and/or risks assumed by Muhammad Kamran.

11.     For further answer, if such is necessary and without waiving the foregoing, Plaintiffs' recovery of medical and/or healthcare expenses is limited to the amount actually paid or incurred by or on behalf of Plaintiffs.  TEX. CIV. PRAC. & REM. CODE § 41.0105.

12.     For further answer, if such is necessary and without waiving the foregoing, Plaintiffs' claims against Defendant are exclusively governed by the Longshore and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. § 905(b), as construed by the U.S. Supreme Court in *Scindia Steam Navigation Co. Ltd. vs. De Los Santos*, 451 U.S. 156 (1981), and progeny.

13.     For further answer, if such is necessary and without waiving the foregoing, Defendant would show that if it is found liable to Plaintiffs in any amount, it is entitled to a credit or set-off for any and all sums Plaintiffs have received in the way of any and all settlements.  In the alternative, Defendant asserts its right to a proportionate reduction of any damages found against it, based on the negligence attributable to any settling tortfeasor and/or any responsible third party and/or Plaintiffs.

## C.  EXEMPLARY DAMAGES

14.     Without waiving any other defenses and for further answer, Defendant answers any allegations of malice and exemplary or punitive damages as follows:

a.     Defendant invokes and relies upon the limitations placed upon an award of exemplary damages as set forth in Texas Civil Practice & Remedies Code § 41.008.  In the unlikely event that a verdict should be rendered which would otherwise result in a judgment in excess of that allowed by Texas Civil Practice & Remedies Code § 41.008,  this Honorable Court should reduce and reform the judgment such that the caps and limitations set forth in Texas Civil Practice & Remedies Code § 41.008 are not exceeded.

b.     In addition to the limitations and caps set forth above, Defendant relies upon the entirety of Texas Civil Practice & Remedies Code § 41, including, but not limited to statutory provisions set forth providing for the proper clear and convincing burden of proof as to

alleged punitive damages and/or for the appropriate definition of gross negligence to be submitted to the trier of fact.

c.      Plaintiffs' claim for malice and exemplary or punitive damages is arbitrary, unreasonable, excessive, and in violation of Defendant's rights to due process of law and equal protection under the Fifth and Fourteenth Amendments to the United States Constitution and under Article 1, Sections 13, 15, and 19 of the Texas Constitution.

d.      Plaintiffs' claim for malice and punitive or exemplary damages should be proved beyond a reasonable doubt.

e.      Exemplary or punitive damages cannot be awarded against Defendant, because, in part, Defendant will be placed twice in jeopardy for the same alleged conduct in violation of the United States and Texas Constitutions.

f.      Plaintiffs' claim for malice and exemplary or punitive damages violates the separation of powers doctrine, since the Court and/or jury would usurp the exclusive power of the Legislature to define crimes and establish punishment.

g.      Plaintiffs' claim for malice and punitive or exemplary damages against Defendant should be determined only by Defendant's actual subjective conscious indifference, the existence of which is denied, and not by any objective conscious indifference.

h.      Plaintiffs' claim for malice and exemplary or punitive damages must be assessed by the unanimous verdict of all twelve jurors.

i.      Plaintiffs' claim for malice and exemplary or punitive damages should not be assessed, in part, because defendants who are subject to exemplary or punitive damages do not have the right to refuse to testify against themselves, but in fact must take the stand and/or

give deposition testimony or otherwise subject themselves to the consequences of a default judgment.

j.      Plaintiffs' claim for malice and exemplary or punitive damages is not based upon a clearly defined statutory enactment setting forth a specific *mens rea* and scope and limit of such awards and, therefore, the standard is unduly vague and does not meet the requirements of due process.

k.      Defendant is subjected to all the hazards and risks of what amounts to a fine with respect to Plaintiffs' claim for malice and exemplary or punitive damages, but Defendant receives none of the basic rights afforded to a criminal defendant when being subjected to possible criminal penalties.

l.      There can be no award for punitive or exemplary damages, because, at a minimum, Defendant exercised some care, and in fact was not even negligent.

m.      Allowing the recovery of exemplary or punitive damages, if any, within a cap provided under the Texas Civil Practice and Remedies Code is arbitrary, unreasonable, and excessive, and in violation of the United States and Texas Constitutions.

n.      In *Exxon Shipping Company v. Baker*, a maritime pollution case, the United States Supreme Court held that an award of exemplary and/or punitive damages must be capped and/or limited to a 1:1 or less ratio to compensatory damages.  While denying that punitive damages are available to Plaintiffs in this matter, any award of exemplary and/or punitive damages that is not capped and/or limited to a 1:1 or less ratio to compensatory damages violates Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution.

## D.  DISCOVERY

15.     Defendant agrees that discovery should be conducted pursuant to Discovery Level 3 as alleged by Plaintiffs.

## E.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Eagle Ship Management LLC prays that all of Plaintiffs' claims against it be dismissed, or in the alternative that upon final hearing judgment be entered that Plaintiffs take nothing by this suit against Eagle Ship Management LLC, and that Eagle Ship Management LLC be awarded its costs incurred in the defense of this action, and all other and further relief to which Eagle Ship Management LLC may be entitled.

Respectfully submitted,

EASTHAM, WATSON, DALE & FORNEY, L.L.P.

/s/ Robert L. Klawetter

Robert L. Klawetter
State Bar No. 11554700
klawetter@easthamlaw.com
Christina K. Schovajsa
State Bar No. 24002910
schovajsa@easthamlaw.com
The Niels Esperson Building
808 Travis Street, Suite 1300
Houston, Texas  77002
Telephone: (713) 225-0905
Facsimile: (713) 225-2907

*Attorneys for Defendant,*
*Eagle Ship Management LLC*

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, certify that I am a member of the firm of Eastham, Watson, Dale & Forney, L.L.P., attorneys in charge for the Defendant herein, and that I forwarded a true and correct copy of the foregoing to all counsel of record on this the **28th** day of **October, 2019**.

***<u>Via Electronic Filing System</u>***
Vuk Vujasinovic
Job Tennant
VB Attorneys
6363 Woodway Dr., Suite 400
Houston, Texas 77057

/s/ *Robert L. Klawetter*
Robert L. Klawetter

1/16/2020 3:18 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 40029577
By: Mercedes Ramey
Filed: 1/16/2020 3:18 PM

No.: 2019-71794

| | | |
|---|---|---|
| Muhammad Kamran and Zakia Kamran | § | In the  District Court of |
| | § | |
| vs. | § | Harris County, Texas |
| | § | |
| Inspectorate  America  Corp.,  Eagle  Ship | § | |
| Management LLC, and SFK Inc. d/b/a SKK | § | 165th  Judicial District |
| Marine and SFK SeCon | | |

**Plaintiffs' Second Amended Petition, Jury Demand and Request for Disclosure**

COME NOW Plaintiffs, Muhammad Kamran and Zakia Kamran, complaining of

Defendants, Inspectorate America Corp., Eagle Ship Management LLC, and SFK Inc. d/b/a SKK

Marine and SFK SecCon, and for cause of action would show as follows:

## 1. Discovery Level

1.1      Plaintiffs intend to conduct discovery in this matter under Level 3 of Rule 190 of the

Texas Rules of Civil Procedure. Per Texas Rule of Civil Procedure 47(c)(5), Plaintiffs seek an

amount exceeding $1,000,000.00.

## 2. Parties

2.1 Plaintiff, Muhammad Kamran, is a citizen and resident of Harris County, Texas.

2.2 Plaintiff, Zakia Kamran, is a citizen and resident of Harris County, Texas.

2.3 Defendant, Inspectorate America Corp. ("Inspectorate"), is a corporation with its

principal place of business in Harris County, Texas and may be served by serving its registered agent,

CT Corporation System at 1999 Bryan St., Suite 900, Dallas, TX 75201-3136.

2.4 Defendant, Eagle Ship Management, LLC ("Eagle Ship"), is a limited liability company

and may be served by serving its registered agent, Corporation Service Company at 50 Weston

Street, Hartford, CT 06120-1537.

2.4     Defendant, SFK Inc. is a domestic for-profit corporation with its principal place of business in Harris County, Texas and may be served by serving its registered agent, Wayne R. Miller, 16000 Dallas Parkway, Suite 300, Dallas, TX 75248

2.5     Defendant, SFK Inc. d/b/a SKK Marine ("SKK") and SFK SecCon, is a domestic for-profit corporation its principal place of business in Los Angeles County, California and may be served by serving its registered agent, LegalZoom.com at 101 North Brand Boulevard, 11th floor, Glendale, CA 91203.

## 3. Venue

3.1 Venue is proper in Harris County, Texas, because all or a substantial part of the events giving rise to this claim occurred in Harris County, Texas.

## 4. Background Facts and Legal Claims

4.1 On or about June 24, 2019, Mr. Kamran was working aboard the M.V. Imperial Eagle, in Harris County, Texas, at the Port of Houston, Woodhouse Dock #4, performing a bunker quantity survey job.   The Job Number of the job in question was SKK1906030.   At that time, the M.V. Imperial Eagle was aside Bunker Barge Shamrock 502.   Mr. Kamran needed to transfer from the M.V. Imperial Eagle to the Shamrock 502. The only available means of doing so on the M.V. Imperial Eagle was by a rope ladder hanging over the upper railing.   As Mr. Kamran attempted to use this ladder, he fell to the deck of the barge, sustaining catastrophic injuries.

4.2 Nothing Mr. Kamran did, or failed to do, caused the occurrence in question.   To the contrary, the occurrence in question was proximately caused by the negligence and gross negligence of the Defendants.

4.3 Defendants Inspectorate, SKK and/or Eagle Ship employed Mr. Kamran before and at the time of the incident in question.  Mr. Kamran performed the job in question as an employee of Inspectorate, SKK and/or Eagle Ship.  Before and at the time of the incident in question, Mr. Kamran was in the service of Inspectorate, SKK and/or Eagle Ship with the understanding, express and/or implied, that Inspectorate, SKK and/or Eagle Ship had the right to direct the details of Mr. Kamran's work and not merely the result to be accomplished.

4.4 In connection with the job in question, Mr. Kamran signed multiple documents on behalf of Defendant Inspectorate, including but not limited to time logs, vessel measurement reports, bunker barge ullage reports, and sample receipt and distribution reports.  Defendant Inspectorate authorized Mr. Kamran to execute such materials on its behalf as its employee, and ratified and submitted these documents containing these representations to others in connection with the job in question, including the Chief Engineer of the M/V Eagle, and was paid based in part on these representations.

4.5 Defendants Inspectorate, SKK and/or Eagle Ship failed to secure payment of compensation as required by 33 USC 905(a), and Plaintiffs elect to maintain this action for damages on account of injuries sustained by Mr. Kamran as a result of the incident in question.  In this action, per 33 USC 905(a), Defendants may not plead as a defense that the injury was due to the contributory negligence of Mr. Kamran.

4.6 Defendants Inspectorate, SKK and/or Eagle Ship were negligent which was a proximate cause of the incident in question.  Such negligence includes, but is not limited to, the following:

- Failing to provide Mr. Kamran with a safe place to work;

- Failing to provide Mr. Kamran with the means and equipment to do his job safely;

- Failing to properly train Mr. Kamran on how to do his job safely;

- Failing to properly supervise Mr. Kamran concerning safe work;

- Failing to train Mr. Kamran on safely transferring between and/or off of vessels;

- Failing to provide Mr. Kamran with means and equipment to safely transfer between and/or off vessels;

- Violating 29 U.S.C. 1915.74 in failing to provide safe access to vessels afloat, safe access to barges, and a safe Jacob's ladder, which constitutes negligence *per se* (Plaintiffs hereby invoke the "Pennsylvania Rule" based on the violation of these regulations);

- Violating 29 U.S.C. 1918.23 in failing to provide a safe Jacob's ladder and in failing to provide suitable protection, including but not limited to a safety harness and other appropriate fall protection means and equipment, which constitutes negligence *per se* (Plaintiffs hereby invoke the "Pennsylvania Rule" based on the violation of these regulations);

- Violating 49 CFR 96.40-1, which constitutes negligence *per se* (Plaintiffs hereby invoke the "Pennsylvania Rule" based on the violation of these regulations); and

- Violating other applicable rules and regulations, which constitutes negligence *per se* (Plaintiffs hereby invoke the "Pennsylvania Rule" based on the violation of these regulations).

4.7  Defendant Eagle Ship was negligent per se in 33 USC 905(b) in (1) turning its vessel over in a dangerous condition, including but not limited to providing a defective rope ladder, improperly rigging and setting up the rope ladder, not providing a safety harness or any fall protection, and not providing access to the gangway, (2) retaining control over part of the operation in question, and (3)

failing to intervene in the operation in question, each of which was a proximate cause of the incident in question.

4.8 Defendants were grossly negligent and acted with malice, as that term is understood under Texas law, and such conduct was a proximate cause of Plaintiffs' injuries. Defendant's malicious and grossly negligent conduct justifies the imposition of punitive and exemplary damages both as punishment of Defendants and their callous disregard for the safety of individuals such as Muhammad Kamran and Zakia Kamran.   Plaintiffs therefore asks for punitive and exemplary damages in addition to all actual damages.

4.9 Plaintiffs reserve the right to request relief for spoliation of evidence to the extent Defendants destroyed and/or failed to preserve all relevant evidence, including video evidence as well as all relevant physical evidence to include the ladder in question.

4.10 By virtue of the actions and conduct of Defendants as set forth above, Mr. Kamran has suffered severe bodily injuries and damages.  By reason of those injuries and the damages flowing in law therefrom, this suit is maintained.  Because of the nature and severity of the injuries sustained, Mr. Kamran has suffered physical pain and mental anguish and in reasonable probability will continue to suffer physical pain and mental anguish in the future.  He has and will continue to suffer physical impairment and disfigurement.  Because of the action and conduct of Defendants herein, Mr. Kamran has sustained very painful and disabling physical injuries that have caused him to sustain a loss of earnings and wage earning capacity in the past, and this condition will, in all probability, continue for some time into the future.  Because of the nature and severity of the injuries Mr. Kamran sustained, he has required medical treatment in the past, and in reasonable

probability be made in the future have been and will be reasonable charges made necessary by the occurrence in question.

4.11 Based on the catastrophic injuries sustained by Mr. Kamran at the time of the incident, Zakia Kamran has sustained a loss of household services in the past, and will suffer a continuing loss of household services in to the future. In addition, Zakia Kamran has sustained a loss of consortium in the past, and will suffer a continuing loss of consortium in the future.

**5. Pre- and Post-Judgment Interest**

5.1 Plaintiffs would additionally say and show that they are entitled to recovery of prejudgment interest in accordance with law and equity as part of his damages herein, and Plaintiffs here and now sue for recovery of prejudgment interest as provided by law and equity, under the applicable provisions of the laws of the State of Texas.

**6. Jury Demand and Request for Disclosures**

6.1 Plaintiffs hereby request a trial by jury.

6.2 Plaintiffs also request that Defendants submit Responses to Disclosures.

**7. Conclusion and Prayer**

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that Defendants be cited to appear and answer, and that on final trial Plaintiffs have: (1) judgment against Defendants, for actual, compensatory and exemplary damages in accordance with the evidence; (2) pre-judgment and post-judgment interest as provided by law; (3) costs of court; (4) attorney's fees; and (5) such other and further relief, general and special, to which Plaintiffs may show themselves justly entitled at law and in equity.

Respectfully submitted,

**VB Attorneys**

/s/ Vuk Vujasinovic
Vuk Vujasinovic
**Vuk@vbattorneys.com**
State Bar No. 00794800
Job Tennant
**Job@vbattorneys.com**
State Bar No. 24106501
6363 Woodway Dr., Suite 400
Houston, Texas 77057
713/224-7800 (Office)
713/224-7801 (Facsimile)
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that, on January 16, 2020, a true and correct copy of the above and foregoing was served upon all parties and/or counsel of record in accordance with TRCP Rules 21 and 21a.

*/s/ Vuk S. Vujasinovic*

1/29/2020 3:29 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 40392685
By: Mercedes Ramey
Filed: 1/29/2020 3:29 PM

CAUSE NUMBER: 2019-71794

| | | |
|---|---|---|
| MUHAMMAD KAMRAN and | * | IN THE DISTRICT COURT OF |
| ZAKIA KAMRAN | * | |
| | * | |
| VERSUS | * | |
| | * | HARRIS COUNTY, TEXAS |
| INSPECTORATE AMERICA CORP., | * | |
| EAGLE SHIP MANAGEMENT, LLC, | * | |
| and SFK INC. d/b/a SKK MARINE | * | |
| and SKK SECON | * | COURT: 165th JUDICIAL DISTRICT |

**************************************************************************

## DEFENDANT INSPECTORATE AMERICA CORP.'S ORIGINAL ANSWERS TO PLAINTIFFS' ORIGINAL, FIRST, AND SECOND AMENDED PETITION FOR DAMAGES AND REQUEST FOR DISCLOSURE

NOW INTO COURT, through undersigned counsel, comes INSPECTORATE AMERICA

CORP. (hereinafter "IAC") named as defendant herein, who, in answer to and in response to the

Original, First and Second Amended Petitions for Damages of Muhmmad Kamran and Zikia

Kamran (hereinafter "Plaintiffs"), would respectfully represent that:

### I.

### General Denial

Subject to IAC's objections above IAC asserts a general denial to the allegations contained in

Plaintiffs' Original, First and Second Amended Petition and Request for Disclosure, in accordance

with the rules, statutes and the Constitution of the State of Texas, and thereby demands that the

Plaintiff prove his case by the requisite legal standards.

### II.

### Affirmative Defenses

1.    IAC asserts that the Plaintiff caused or contributed to his own injuries and damages in that

he failed to exercise that degree of care imposed upon him by law and/or statute, thus rendering

Plaintiff contributorily/comparatively negligent, such that any claims asserted herein by Plaintiff should be reduced and/or barred in consequence thereof and in proportion thereto.

2.    IAC further asserts that Plaintiff failed to mitigate his damages and, consequently, engaged in conduct which exacerbated the damages sued upon herein.

3.    IAC asserts that the injuries and damages, if any, alleged by Plaintiff are caused and/or related to pre-existing and/or subsequently occurring medical, genetic, and/or environmental conditions, substances, diseases or illnesses.

4.    IAC additionally asserts that if it is cast in judgment, it is entitled to have the fact finder apportion fault under applicable law including but not limited to the benefits, protections and immunities embodied in §33.001 *et seq.* of the Texas Civil Practice and Remedies Code amended, supplemented and/or recodified.

5.    IAC additionally asserts that Plaintiff is not entitled to punitive damages under the general maritime law based on the facts of this case. Alternatively, Defendant pleads the application of §41.001 *et seq.* of the Texas Civil Practice and Remedies Code amended, supplemented and/or recodified if shown to be applicable.

6.    IAC asserts that it was not the employer, contractor, charterer, operator, or owner of the vessels at issue and that it did not employ the Plaintiff or contract the Plaintiff for the work at issue.

7.    IAC further asserts that it did not direct the Plaintiff or exercise actual control over the Plaintiff.

8.    IAC asserts that at all times material hereto it was insured against claims filed against it pursuant to the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901, et seq.

9.    IAC asserts in the alternative that if the Plaintiff is found to be its employee or contractor under the Longshore and Harbor Workers' Act, which is at all times denied, the Plaintiff's sole

recovery from IAC is for benefits and expenses pursuant to the Longshore and Harbor Workers'
Compensation Act.

10.     In the alternative, IAC asserts that the injury and damages complained of by the Plaintiff,
if any, are related to incidents or events unrelated to the event on which his lawsuit is based and/or
was caused by the fault of third persons, parties or entities for whose actions IAC
 is not legally responsible.

11.     In the alternative, IAC asserts that at all times material hereto the Plaintiff's employer or
contractor was SFK, Inc. d/b/a SKK Marine ("SKK") and that the Plaintiff was directed and
controlled in his work only by SKK and no other person or entity including IAC.

12.     IAC asserts that at no time material hereto did it own, charter, operate, or control the M.V.
Imperial Eagle or Bunker Barge Shamrock 52.

13.     By way of further Answer, IAC hereby gives actual notice to the Plaintiff and all of the
parties that any and all documents produced during discovery may be used against the Plaintiff
and all other parties and any pretrial proceeding and/or trial of this matter without the necessity of
authenticating the document.

## IV.

### Request for Jury Trial

Defendant requests a trial by jury on all issues herein.

## V.

### Prayer

WHEREFORE, PREMISES CONSIDERED, Defendants **INSPECTORATE AMERICA
CORP.** prays that this Court dismiss the plaintiff's case under and/or Plaintiff take nothing by reason

of this suit and that IAC be discharged of all liability herein.  IAC further prays for such other and further relief, general and special, at law and in equity to which it may show itself justly entitled.

Respectfully Submitted:

ALLEN & GOOCH
A LAW CORPORATION

JOHN H. HUGHES (#14519)
JohnHughes@allengooch.com
2000 Kaliste Saloom Road, Suite 400 (70508)
P.O. Box 81129
Lafayette, LA  70598-1129
Tel.: 337-291-1290
Fax:  337-291-1295
*Attorneys for INSPECTORATE AMERICA CORP.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing instrument has this day been served on all parties through their counsel of record via email and by the Court's electronic filing system on this 29th day of January, 2020.

| Vuk Vujasinovic (Texas Bar:  00794800) | Robert L. Klawetter (SBN 11554700) |
| Vuk@vbattorneys.com | klawetter@easthamlaw.com |
| Job Tennant (Texas State Bar 24106501) | Christina K. Schovajsa (SBN 24002910) |
| Job@vbattorneys.com | Schovajsa@easthamlaw.com |

JOHN H. HUGHES

2/11/2020 4:15 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 40754372
By: Iris Collins
Filed: 2/11/2020 4:15 PM

## CAUSE NO. 2019-71794

| | | |
|---|---|---|
| **MUHAMMAD KAMRAN AND** | § | **IN THE DISTRICT COURT OF** |
| **ZAKIA KAMRAN** | § | |
| | § | |
| **VS.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **INSPECTORATE AMERICA CORP.,** | § | |
| **EAGLE SHIP MANAGEMENT LLC,** | § | |
| **AND SFK INC. D/B/A SKK MARINE** | § | |
| **AND SFK SECON** | § | **165th JUDICIAL DISTRICT** |

## MEMORIAL HERMANN HEALTH SYSTEM'S
## ORIGINAL PETITION IN INTERVENTION AND CLAIM TO FUNDS

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW,** Memorial Hermann Health System d/b/a Memorial Hermann – Texas Medical Center ("Memorial Hermann" or "Intervenor"), and files this Original Petition in Intervention. Intervenor respectfully shows unto the Court the following:

### I.
### DISCOVERY CONTROL PLAN

1. Intervenor intends for discovery in this cause to be conducted under Level 3 pursuant to Rule 190.4 of the Texas Rules of Civil Procedure.

### II.
### PARTIES

2. Intervenor Memorial Hermann is a Texas non-profit corporation maintaining principal offices and regular place of business in Houston, Harris County, Texas.

3. Service of process on Plaintiff Muhammad Kamran, Plaintiff Zakia Kamran, Defendant Inspectorate America Corp., and Defendant Eagle Ship Management LLC is not necessary as copies of this Original Petition in Intervention will be delivered to all parties' counsel of record in accordance with TEX. R. CIV. P. 21a and TEX. R. CIV. P. 60.

4.      Defendant SFK Inc. may be served with process by serving its registered agent, Wayne R. Miller, at 16000 Dallas Parkway, Suite 300, Dallas, Dallas County, Texas 75248, or wherever he may be found.

### III.
### JURISDICTION & VENUE

5.      This Court has jurisdiction over the parties, jurisdiction over the subject matter of this dispute, and jurisdiction to award all relief prayed for herein.

6.      Venue is proper in Harris County, Texas because Harris County is where the original action was filed and the cause of action alleged in this Intervention arises from the same transaction or events on which Plaintiff Muhammad Kamran has based his suit herein and Plaintiff Muhammad Kamran has submitted himself to the jurisdiction and venue of the Court.  Likewise, Defendants Inspectorate America Corp. and Eagle Ship Management LLC have submitted themselves to the jurisdiction and venue of the Court.

### IV.
### FACTUAL BACKGROUND

7.      On or about June 24, 2019, Plaintiff Muhammad Kamran was injured in a fall at the Port of Houston in Harris County, Texas.

8.      As a result of accident described above, Plaintiff Muhammad Kamran was transported from the scene of the accident by Houston Fire Department ambulance to the emergency department at Memorial Hermann – Texas Medical Center, a hospital facility within the Memorial Hermann Health System, where he was emergently admitted for the diagnosis and treatment of his injuries suffered in the accident.  The usual and customary, reasonable and necessary charges for the accident-related hospital services, medical care and treatment, nursing

2

care, supplies and equipment provided to Plaintiff Muhammad Kamran from or around June 24, 2019 through July 11, 2019 totaled $222,278.25.

9.      Today, after all just and lawful payments, offsets, and credits, the outstanding balance for accident-related hospital services, medical care and treatment, nursing care, supplies and equipment provided to Plaintiff Muhammad Kamran by Memorial Hermann – Texas Medical Center remains $222,278.25.

**V.**
**CAUSE OF ACTION**

10.      This cause of action is for the recovery of the usual, reasonable, and customary charges for its services provided to Plaintiff Muhammad Kamran based in *quantum meruit*. In this respect, Intervenor provided necessary medical services to Plaintiff Muhammad Kamran with the express understanding that it would be compensated for the same at its usual and customary rates, which Intervenor alleges to be $222,278.25.  Also, Plaintiff Muhammad Kamran accepted the services from Intervenor without objection.  Plaintiff Muhammad Kamran accepted the benefits of the items and services rendered by Intervenor to Plaintiff Muhammad Kamran and, as a result, thereby became liable to Intervenor for the reasonable value thereof.

11.      As it has become necessary for Intervenor to retain the undersigned to bring this action, it is entitled to recover its reasonable attorney's fees and costs, which amount will be stated at such time as it can be determined, and for which amount Intervenor prays for judgment.

**VI.**
**RIGHT TO AMEND**

12.      Intervenor specifically reserves the right to amend these pleadings upon pretrial discovery, order of the Court, or as counsel may agree.

## VII.
## CONDITIONS PRECEDENT

13.     All conditions precedent have occurred or are excused.

## VIII.
## REQUESTS FOR DISCLOSURE

14.     Under Texas Rule of Civil Procedure 194, Intervenor requests that Plaintiff Muhammad Kamran, Plaintiff Zakia Kamran, Defendant Inspectorate America Corp., and Defendant Eagle Ship Management LLC disclose, within 30 days of the service of this request, the information or material described in Rule 194.2.

15.     Under Texas Rule of Civil Procedure 194, Intervenor requests that Defendant SFK Inc. disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

## IX.
## RULE 193.7 NOTICE

16.     Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Intervenor hereby gives notice that all documents produced by any party in response to discovery authenticate the documents for use in all pretrial and trial proceedings.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Intervenor Memorial Hermann Health System d/b/a Memorial Hermann – Texas Medical Center prays that Plaintiff Muhammad Kamran be required to answer herein, and that upon a trial hereof, Memorial Hermann Health System have:

(1)     Judgment for actual damages in the amount of at least $222,278.25;

(2)     All costs of court expended in the pursuit of this action;

(3)     Pre-judgment interest at the highest legal rate from the date this action is filed until the date of judgment;

4

(4)  Post-judgment interest at the highest legal rate from the date of judgment until paid in full;

(5)  Reasonable and necessary attorney's fees through trial and all appellate levels; and

(6)  Such other and further relief, general or special, legal or equitable, to which Intervenor may show itself justly entitled and which the Court deems appropriate.

Respectfully submitted,

**SULLINS, JOHNSTON, ROHRBACH & MAGERS**

By: _/s/ Jared C. Johnson_
    JARED COLE JOHNSON
    Texas Bar No. 24057926
    jjohnson@sjrm.com
    3200 Southwest Freeway, Suite 2200
    Houston, Texas  77027
    Tel. (713) 521-0221
    Fax (713) 521-3242

**ATTORNEYS FOR INTERVENOR,**
**MEMORIAL HERMANN HEALTH SYSTEM**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **Memorial Hermann Health System's Original Petition in Intervention** was served on all parties and/or counsel of record on this 11th day of February, 2020, in accordance with TEX. R. CIV. P. §§ 21 and 21a:

_/s/ Jared C. Johnson_
    JARED C. JOHNSON

3/2/2020 1:57 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 41274790
By: Mercedes Ramey
Filed: 3/2/2020 1:57 AM

CAUSE NO. 2019-71794

| | | |
|---|---|---|
| PLANTIFF: | | IN THE DISTRICT COURT |
| | OF | |
| Muhammad Kamran and Zakia Kamran | | Harris County, Texas |
| | | 165th Judicial District |
| Vs. | | |
| DEFENDANT: | | |
| Inspectorate America Corp., Eagle Ship Management LLC, SFK Inc. DBA SKK Marine | | |

**MOTION TO EXTEND TIME TO FILE RESPONSE**

Defendant SFK Inc. DBA SKK Marine formally requests an extension of time for defendant to file a response to plaintiff's "Second Amended Petition."

Defendant SFK Inc. requests this additional time in order to seek adequate and appropriate legal counsel given the complexities of the citation, and accusations against the defendant. Given that defendant is a party registered in the State of California, seeking legal counsel who not only practices in the State of Texas, but is also able to understand the complex and esoteric nature of the issues at hand, is a burden requiring more time than initially anticipated.

The defendant generally denies the allegations as stated in the plaintiff's petition, without waiving any defenses, SFK Inc. seeks additional time to submit its answer to the plaintiff's allegations through appropriate designated legal counsel.

Respectfully,

SFK Inc DBA SKK Marine

legal@sfkcorp.com

+1.310.896.8256

3/9/2020 9:07 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 41482934
By: Mercedes Ramey
Filed: 3/9/2020 9:07 AM

CAUSE NO. 2019-71794

| | | |
|---|---|---|
| MUHAMMAD KAMRAN | § | IN THE DISTRICT COURT OF |
| AND ZAKIA KAMRAN | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| INSPECTORATE AMERICA CORP. | § | |
| AND EAGLE SHIP MANAGEMENT, LLC | § | 165TH JUDICIAL DISTRICT |

**DEFENDANT EAGLE SHIP MANAGEMENT LLC'S ORIGINAL ANSWER TO
MEMORIAL HERMANN HEALTH SYSTEM'S ORIGINAL PETITION IN
INTERVENTION AND CLAIM TO FUNDS**

COMES NOW Eagle Ship Management LLC ("Defendant") in answer to Memorial Hermann Health System's Original Petition in Intervention and Claim to Funds to respectfully show the following:

**A.  GENERAL DENIAL**

1.      Defendant generally denies the allegations of Memorial Hermann Health System ("Intervenor") in its Original Petition in Intervention and Claim to Funds pursuant to Rule 92 of the Texas Rules of Civil Procedure, and Defendant demands that Intervenor be required to prove the charges and allegations against it by a preponderance of the evidence as required by the Constitution and laws of the State of Texas, as well as substantive and procedural laws of the United States, or otherwise, as may be appropriate.

**B.  OTHER DEFENSES**

2.      For further answer, if such is necessary and without waiving the foregoing, Defendant is not liable as alleged.

3.      For further answer, if such is necessary and without waiving the foregoing, Muhammad Kamran's alleged injuries and Intervenor's alleged damages were proximately caused

by Muhammad Kamran's own contributory negligence/comparative fault for which Defendant is not responsible.

4.      For further answer, if such is necessary and without waiving the foregoing, Muhammad Kamran's alleged injuries and Intervenor's alleged damages are the result in whole or in part of preexisting and/or subsequently occurring illnesses, injuries and/or bodily conditions of Muhammad Kamran unrelated to the alleged incident herein and for which Defendant has no legal liability.

5.      For further answer, if such is necessary and without waiving the foregoing, Muhammad Kamran's alleged injuries and Intervenor's alleged damages were proximately caused, in whole or in part, by the negligence and/or breach of duty of third parties and/or by instrumentalities for which Defendant is not legally responsible.

6.      For further answer, if such is necessary and without waiving the foregoing, Muhammad Kamran's alleged injuries and Intervenor's alleged damages were the result of open and obvious conditions and/or risks assumed by Muhammad Kamran and for which Defendant is not legally responsible.

7.      For further answer, if such is necessary and without waiving the foregoing, Defendant denies that the rates charged for the services Intervenor claims to have provided to Muhammad Kamran are usual and customary.

8.      For further answer, if such is necessary and without waiving the foregoing, Defendant denies that all of the services that Intervenor claims to have provided to Muhammad Kamran were reasonable and necessary as a result of the incident on June 24, 2019, underlying Plaintiffs' lawsuit.

9. For further answer, if such is necessary and without waiving the foregoing, Defendant denies that Intervenor has satisfied any conditions precedent as alleged.

### C. OBJECTIONS TO INTERVENOR'S TRCP 193.7 NOTICE

10. Intervenor's inclusion of a "Rule 193.7 Notice" section in its petition in intervention is premature, improper and invalid as it does not comply with Texas Rule of Civil Procedure 193.7.

### D. PRAYER

WHEREFORE, PREMISES CONSIDERED, Eagle Ship Management LLC prays that all of Intervenor's claims against it be dismissed, or in the alternative that upon final hearing judgment be entered that Intervenor takes nothing by this suit against Eagle Ship Management LLC, and that Eagle Ship Management LLC be awarded its costs incurred in the defense of this action, and all other and further relief to which Eagle Ship Management LLC may be entitled.

Respectfully submitted,

EASTHAM, WATSON, DALE & FORNEY, L.L.P.

*/s/ Robert L. Klawetter*

Robert L. Klawetter
State Bar No. 11554700
klawetter@easthamlaw.com
Christina K. Schovajsa
State Bar No. 24002910
schovajsa@easthamlaw.com
The Niels Esperson Building
808 Travis Street, Suite 1300
Houston, Texas  77002
Telephone: (713) 225-0905
Facsimile: (713) 225-2907

*Attorneys for Defendant,*
*Eagle Ship Management LLC*

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, certify that I am a member of the firm of Eastham, Watson, Dale & Forney, L.L.P., attorneys in charge for the Defendant herein, and that I forwarded a true and correct copy of the foregoing to all counsel of record on this the **9th** day of **March, 2020**.

*<u>Via Electronic Filing System</u>*
Vuk Vujasinovic
Job Tennant
AB Attorneys
6363 Woodway Dr., Suite 400
Houston, Texas 77057

*<u>Via Electronic Filing System</u>*
Jared C. Johnson
Sullins, Johnston, Rohrbach & Magers
3200 Southwest Freeway, Suite 2200
Houston, Texas 77027

*<u>Via Electronic Filing System</u>*
John H. Hughes
Allen & Gooch
2000 Kaliste Saloom Road, Suite 400 (70508)
P.O. Box 81129
Lafayette, Louisiana 70598-1129

*/s/ Robert L. Klawetter*
Robert L. Klawetter

3/12/2020 3:06 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 41623265
By: Mercedes Ramey
Filed: 3/12/2020 3:06 PM

Cause No. 2019-71794

| | | |
|---|---|---|
| MUHAMMAD KAMRAN AND | § | IN THE DISTRICT COURT OF |
| ZAKIA KAMRAN | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| INSPECTORATE AMERICA CORP., | § | |
| EAGLE SHIP MANAGEMENT, LLC, AND | § | |
| SFK, INC. D/B/A SKK MARINE and | § | |
| SFK SECON | § | 165TH JUDICIAL DISTRICT |

## DEFENDANTS, SFK, INC. D/B/A SKK MARINE AND SFK, INC. D/B/A SFK SECON'S FIRST AMENDED ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, SFK, INC. D/B/A SKK MARINE, and SFK, INC. D/B/A SFK SECON (incorrectly named "SFK SECON"), Defendants in the above-referenced and entitled cause, and file this, their First Amended Original Answer to Plaintiffs' Second Amended Original Petition, and would show unto this Honorable Court as follows:

### I.
### GENERAL DENIAL

Pursuant to the provisions of Rule 92 of the Texas Rules of Civil Procedure, Defendants, SFK, INC. D/B/A SKK MARINE, and SFK, INC. D/B/A SFK SECON (incorrectly named "SFK SECON"), deny each and every, all and singular, the allegations contained in Plaintiffs' Second Amended Original Petition, and demand strict proof thereof.

WHEREFORE, PREMISES CONSIDERED, Defendants, SFK, INC. D/B/A SKK MARINE, and SFK, INC. D/B/A SFK SECON (incorrectly named "SFK SECON"), pray that Plaintiffs take nothing by reason of this suit herein and that Defendants have

1

judgment in their favor on all issues of law and fact, and that Defendants recover their costs expended herein, and for such other and further relief, general or special, at equity or in law, to which these Defendants may be justly entitled.

Respectfully submitted,

Wade R. Quinn
TBA No. 16433600
Ramey, Chandler, Quinn & Zito, P.C.
750 Bering Drive, Suite 600
Houston, Texas 77057
713-266-0074 - Phone
713-266-1064 - Fax
Wquinn@ramey-chandler.com
Attorney for Defendants,
SFK, INC. D/B/A SKK MARINE, and SFK, INC.
D/B/A SFK SECON (incorrectly named
"SFK SECON")

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing instrument was served upon the parties listed below by facsimile, certified mail, return receipt requested, first class U.S. mail, electronic mail by the clerk of the court, and/or by messenger on the 12th day of March, 2020.

_____
Wade R. Quinn

Vuk Vujasinovic
Job Tennant
VB Attorneys
6363 Woodway Drive, Suite 400
Houston, Texas 77057

Jared Cole Johnson
Sullins, Johnston, Rohrbach & Magers
3200 Southwest Freeway, Suite 2200
Houston, Texas 77027

John H. Hughes
Allen & Gooch
2000 Kaliste Saloom Rd., Suite 400
Lafayette, Louisiana 70508

Robert L. Klawetter
Christina K. Schovajsa
Eastham, Watson, Dale & Forney, LLP
808 Travis St., Suite 1300
Houston, Texas 77002

3

3/12/2020 4:30 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 41606197
By: Mercedes Ramey
Filed: 3/12/2020 4:30 PM

### CAUSE NUMBER:  2019-71794

| | | |
|---|---|---|
| **MUHAMMAD KAMRAN and** | * | **IN THE DISTRICT COURT OF** |
| **ZAKIA KAMRAN** | * | |
| | * | |
| **VERSUS** | * | |
| | * | **HARRIS COUNTY, TEXAS** |
| **INSPECTORATE AMERICA CORP.,** | * | |
| **EAGLE SHIP MANAGEMENT, LLC,** | * | |
| **and SFK INC. d/b/a SKK MARINE** | * | |
| **and SKK SECON** | * | **COURT:  165ᵗʰ JUDICIAL DISTRICT** |

**************************************************************************

### DEFENDANT INSPECTORATE AMERICA CORP.'S ANSWER TO MEMORIAL HERMANN HEALTH SYSTEM'S ORIGINAL PETITION IN INTERVENTION AND CLAIM TO FUNDS

NOW INTO COURT, through undersigned counsel, comes INSPECTORATE AMERICA

CORP. (hereinafter "IAC"), named as defendant-in-intervention herein, who, in answer to and in

response to the Original Petition in Intervention and Claim to Funds of Memorial Hermann Health

System (hereinafter "MHHS"), would respectfully represents that:

### I.

### General Denial

1.      IAC generally denies the allegations of Memorial Hermann Health System

("MHHS") in its Original Petition in Intervention and Claim to Funds pursuant to Rule 92 of the

Texas Rules of Civil Procedure, and IAC demands that MHHS be required to prove the charges and

allegations against IAC by a preponderance of the evidence as required by the Constitution and Laws

of the State of Texas, as well as substantive and procedural laws of the United States, or otherwise,

as may be appropriate.

## II.

## Other Defenses

2.      IAC further answers, if such is necessary and without waiver of the foregoing, IAC is not liable as alleged.

3.      IAC further answers, if such is necessary and without waiving the foregoing, Muhammad Kamran's alleged injuries and MHHS's alleged damages were proximately caused by Muhammad Kamran's own contributory negligence / comparative fault for which Defendant is not responsible.

4.      IAC further answers, if such is necessary and without waiving the foregoing, Muhammad Kamran's alleged injuries and MHHS's alleged damages are the result in whole or in part of preexisting and/or subsequently occurring illnesses, injuries and/or bodily conditions of Muhammad Kamran unrelated to the alleged incident herein and for which IAC has no legal liability.

5.      IAC further answers, if such is necessary and without waiving the foregoing, Muhammad Kamran's alleged injuries and MHHS's alleged damages are proximately caused, in whole or in part, by the negligence and/or breach of duty of third parties and/or by instrumentalities for which IAC is not legally responsible.

6.      IAC further answers, if such is necessary and without waiving the foregoing, Muhammad Kamran's alleged injuries and MHHS's alleged damages were the result of open and obvious conditions and/or risks assumed by Muhammad Kamran and for which IAC is not legally responsible.

7.      IAC further answers, if such is necessary and without waiving the forgoing, IAC denies that the rates charged for the services MHHS claims to have provided to Muhammad Kamran are usual and customary.

8.      IAC further answers, if such is necessary and without waiving the foregoing, IAC denies that all of the services that MHHS claims to have provided to Muhammad Kamran were reasonable and necessary as a result of the incident on June 24, 2019 underlying Plaintiffs' lawsuit.

9.      IAC further answers, if such is necessary and without waiving the foregoing, IAC denies that MHHS has satisfied any conditions precedent as alleged.

### III.

### Objections to MHHS's TRCP 193.7 Notice

10.     MHHS's inclusion of a "Rule 193.7 Notice" section in its petition in intervention is premature, improper, and invalid as it does not comply with Texas Rule of Civil Procedures 193.7.

### IV.

### Prayer

WHEREFORE, PREMISES CONSIDERED, Defendant, INSPECTORATE AMERICA CORP., prays that this Court dismiss the MHHS's claims against it or, in the alternative, that upon final hearing judgment be entered that MHHS takes nothing by this suit against INSPECTORATE AMERICA CORP., and that INSPECTORATE AMERICA CORP. be awarded its costs incurred in the defense of this action, and all other and further relief to which INSPECTORATE AMERICA CORP. may be entitled.

Respectfully Submitted:

ALLEN & GOOCH
A LAW CORPORATION

*/s/ John H. Hughes*
JOHN H. HUGHES, Bar Roll No. 00795170
JohnHughes@AllenGooch.com
ALAN J. MECHE, Bar Roll No. 24025530
AlanMeche@AllenGooch.com
2000 Kaliste Saloom Road, Suite 400 (70508)
P.O. Box 81129
Lafayette, LA  70598-1129
Tel.:  337-291-1290
Fax:  337-291-1295
*Attorneys for INSPECTORATE AMERICA CORP.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing instrument has this day been

served on all parties through their counsel of record via email and by the Court's electronic filing

system on this 10th day of March, 2020.

| | |
|---|---|
| Mr. Vuk Vujasinovic | Robert L. Klawetter |
| Vuk@vbattorneys.com | klawetter@easthamlaw.com |
| Job Tennant | Christina K. Schovajsa |
| Job@vbattorneys.com | Schovajsa@easthamlaw.com |
| *Counsel for Plaintiffs* | *Counsel for Eagle Ship* |
| | |
| Jared C. Johnson | **SFK Inc. dba SKK MARINE** |
| jjohnson@sjrm.com | SFK Inc. dba SKK Marine |
| *Counsel for Intervenor, Memorial* | legal@sfkcorp.com |
| *Hermann Health System* | |

*/s/ John H. Hughes*
JOHN H. HUGHES

3/19/2020 2:43 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 41796366
By: Bristalyn Daniels
Filed: 3/19/2020 2:43 PM

## CAUSE NUMBER: 2019-71794

| | | |
|---|---|---|
| **MUHAMMAD KAMRAN and** | * | **IN THE DISTRICT COURT OF** |
| **ZAKIA KAMRAN** | * | |
| | * | |
| **VERSUS** | * | |
| | * | **HARRIS COUNTY, TEXAS** |
| **INSPECTORATE AMERICA CORP.,** | * | |
| **EAGLE SHIP MANAGEMENT, LLC,** | * | |
| **and SFK INC. d/b/a SKK MARINE** | * | |
| **and SKK SECON** | * | **COURT:  165th JUDICIAL DISTRICT** |

**************************************************************************

### DEFENDANT BUREAU VERITAS COMMODITIES AND TRADE, INC. VERIFIED AMENDED ANSWER TO PLAINTIFFS' ORIGINAL, FIRST, AND SECOND AMENDED PETITION FOR DAMAGES AND REQUEST FOR DISCLOSURE

NOW INTO COURT, through undersigned counsel, comes BUREAU VERITAS COMMODITIES AND TRADE, INC. f/k/a INSPECTORATE AMERICA CORPORATION (hereinafter "BVCT"), named as defendant herein, who Amends its answer to and in response to the Original, First and Second Amended Petitions for Damages of Muhammad Kamran and Zikia Kamran (hereinafter "Plaintiffs") and who would respectfully represents that:

### I.

### General Denial

BVCT asserts a general denial to the allegations contained in Plaintiffs' Original, First and Second Amended Petition and Request for Disclosure in accordance with the rules, statutes and the Constitution of the State of Texas, and thereby demands that the Plaintiffs prove their case by the requisite legal standards.

### II.

### Verified Denials

1.      BVCT denies that at no time material hereto did it own, charter, operate, or control the M.V. Imperial Eagle or Bunker Barge Shamrock 52.

2.      BVCT denies that it employed Plaintiff Muhammad Kamran or contracted Plaintiff Muhammad Kamran for the work at issue.

3.      BVCT denies that it directed Plaintiff Muhammad Kamran or exercised actual control over Plaintiff Muhammad Kamran.

4.      BVCT asserts that at all times material hereto it was insured against claims filed against it pursuant to the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901, et seq.

**III.**

**Affirmative Defenses**

5.      BVCT asserts that the Plaintiff caused or contributed to his own injuries and damages in that he failed to exercise that degree of care imposed upon him by law and/or statute, thus rendering Plaintiff contributorily/comparatively negligent, such that any claims asserted herein by Plaintiff should be reduced and/or barred in consequence thereof and in proportion thereto.

6.      BVCT further asserts that Plaintiff failed to mitigate his damages and, consequently, engaged in conduct which exacerbated the damages sued upon herein.

7.      BVCT asserts that the injuries and damages, if any, alleged by Plaintiff are caused and/or related to pre-existing and/or subsequently occurring medical, genetic, and/or environmental conditions, substances, diseases or illnesses.

8.      BVCT additionally asserts that if it is cast in judgment, it is entitled to have the fact finder apportion fault under applicable law including but not limited to the benefits, protections and immunities embodied in §33.001 *et seq.* of the Texas Civil Practice and Remedies Code amended, supplemented and/or recodified.

9.      BVCT additionally asserts that Plaintiff is not entitled to punitive damages under the general maritime law based on the facts of this case.  Alternatively, Defendant pleads the application of §41.001 *et seq.* of the Texas Civil Practice and Remedies Code amended, supplemented and/or recodified if shown to be applicable.

10.     BVCT asserts in the alternative that if the Plaintiff is found to be its employee or contractor under the Longshore and Harbor Workers' Act, which is at all times denied, the Plaintiff's sole recovery from BVCT is for benefits and expenses pursuant to the Longshore and Harbor Workers' Compensation Act.

11.     In the alternative, BVCT asserts that the injury and damages complained of by the Plaintiff, if any, are related to incidents or events unrelated to the event on which his lawsuit is based and/or was caused by the fault of third persons, parties or entities for whose actions BVCT is not legally responsible.

12.     In the alternative, BVCT asserts that at all times material hereto the Plaintiff's employer or contractor was SFK, Inc. d/b/a SKK Marine ("SKK") and SFK, INC. d/b/a SFK SECON ("SFK") and that the Plaintiff was directed and controlled in his work only by SKK/SFK and no other person or entity including BVCT.

13.     By way of further Answer, BVCT hereby gives actual notice to the Plaintiff and all of the parties that any and all documents produced during discovery may be used against the Plaintiff and all other parties and any pretrial proceeding and/or trial of this matter without the necessity of authenticating the document.

**IV.**

**<u>Request for Jury Trial</u>**

Defendant requests a trial by jury on all issues herein.

**V.**

**Prayer**

WHEREFORE, PREMISES CONSIDERED, Defendant, BUREAU VERITAS COMMODITIES AND TRADE, INC. f/k/a INSPECTORATE AMERICA CORPORATION, prays that the Court dismiss the Plaintiffs' case and/or Plaintiffs take nothing by reason of this suit and that BUREAU VERITAS COMMODITIES AND TRADE, INC. f/k/a INSPECTORATE AMERICA CORPORATION be discharged of all liability herein. BUREAU VERITAS COMMODITIES AND TRADE, INC. f/k/a INSPECTORATE AMERICA CORPORATION further prays for such other and further relief, general and special, at law and in equity to which it may show itself justly entitled.

Respectfully submitted,

ALLEN & GOOCH
A LAW CORPORATION

 /s/ John H. Hughes
JOHN H. HUGHES (TX Bar # 00795170)
JohnHughes@allengooch.com
ALAN J. MECHE (TX Bar #24025530)
AlanMeche@AllenGooch.com
2000 Kaliste Saloom Road, Suite 400 (70508)
P.O. Box 81129
Lafayette, LA  70598-1129
Tel.:  337-291-1290
Fax:  337-291-1295
*Attorneys for BUREAU VERITAS COMMODITIES AND TRADE, INC. f/k/a INSPECTORATE AMERICA CORPORATION*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing instrument has this day been served on all parties through their counsel of record via email and by the Court's electronic filing system on this 19th day of March, 2020.

| | |
|---|---|
| Vuk Vujasinovic (Texas Bar:  00794800)<br>Vuk@vbattorneys.com<br>Job Tennant (Texas State Bar 24106501)<br>Job@vbattorneys.com | Robert L. Klawetter (SBN 11554700)<br>klawetter@easthamlaw.com<br>Christina K. Schovajsa (SBN 24002910)<br>Schovajsa@easthamlaw.com |
| Wade R. Quinn<br>wquinn@ramey-chandler.com | Jared Cole Johnson<br>jjohnson@sjrm.com |

/s/ John H. Hughes

JOHN H. HUGHES

CAUSE NUMBER: 2019-71794

| | | |
|---|---|---|
| **MUHAMMAD KAMRAN and ZAKIA KAMRAN** | * | **IN THE DISTRICT COURT OF** |
| | * | |
| **VERSUS** | * | |
| | * | **HARRIS COUNTY, TEXAS** |
| **INSPECTORATE AMERICA CORP.,** | * | |
| **EAGLE SHIP MANAGEMENT, LLC,** | * | |
| **and SFK INC. d/b/a SKK MARINE** | * | |
| **and SKK SECON** | * | **COURT:  165th JUDICIAL DISTRICT** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

STATE OF TEXAS

COUNTY OF HARRIS

## VERIFICATION

Before me, the undersigned notary, on this day personally appeared Frank Riccardi, the affiant, whose identity is known to me.  After I administered the oath, Frank Riccardi testified as follows:

"My name is Frank Riccardi. I am over the age of 18, of sound mind, and I have never been convicted of a felony or crime of moral turpitude.  I am the Vice President O&P Operations Manager for BUREAU VERITAS COMMODITIES AND TRADE, INC. f/k/a INSPECTORATE AMERICA CORPORATION and capable of making this verification.  I have read the attached Verified Amended Answer to the Original, First and Second Amended Petitions for Damages of BUREAU VERITAS COMMODITIES AND TRADE, INC. f/k/a INSPECTORATE AMERICA CORPORATION. The facts in the Verified Denials are within my personal knowledge and are true and correct."

[Signatures on next page]

1 of 2

BY:  Frank Riccardi

Sworn to and subscribed before me by  Frank Riccardi  on March 19, 2020.

Notary Public  Renee Dunlap

State of  Texas

County of  Harris

My commission expires:  03/27/2021

RENEE DUNLAP
MY COMMISSION EXPIRES
MARCH 27, 2021
NOTARY ID: 3003467

Unofficial Copy Office of Marilyn Burgess District Clerk

2 of 2

## CAUSE NUMBER:  2019-71794

| | | |
|---|---|---|
| **MUHAMMAD KAMRAN and** | * | **IN THE DISTRICT COURT OF** |
| **ZAKIA KAMRAN** | * | |
| | * | |
| **VERSUS** | * | |
| | * | **HARRIS COUNTY, TEXAS** |
| **INSPECTORATE AMERICA CORP.,** | * | |
| **EAGLE SHIP MANAGEMENT, LLC,** | * | |
| **and SFK INC. d/b/a SKK MARINE** | * | |
| **and SKK SECON** | * | **COURT:  165th JUDICIAL DISTRICT** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### DEFENDANT BUREAU VERITAS COMMODITIES AND TRADE, INC. VERIFIED AMENDED ANSWER TO PLAINTIFFS' ORIGINAL, FIRST, AND SECOND AMENDED PETITION FOR DAMAGES AND REQUEST FOR DISCLOSURE

NOW INTO COURT, through undersigned counsel, comes BUREAU VERITAS COMMODITIES AND TRADE, INC. f/k/a INSPECTORATE AMERICA CORPORATION (hereinafter "BVCT"), named as defendant herein, who Amends its answer to and in response to the Original, First and Second Amended Petitions for Damages of Muhammad Kamran and Zikia Kamran (hereinafter "Plaintiffs") and who would respectfully represents that:

#### I.

#### General Denial

BVCT asserts a general denial to the allegations contained in Plaintiffs' Original, First and Second Amended Petition and Request for Disclosure in accordance with the rules, statutes and the Constitution of the State of Texas, and thereby demands that the Plaintiffs prove their case by the requisite legal standards.

#### II.

#### Verified Denials

1.     BVCT denies that at no time material hereto did it own, charter, operate, or control the M.V. Imperial Eagle or Bunker Barge Shamrock 52.

2.      BVCT denies that it employed Plaintiff Muhammad Kamran or contracted Plaintiff Muhammad Kamran for the work at issue.

3.      BVCT denies that it directed Plaintiff Muhammad Kamran or exercised actual control over Plaintiff Muhammad Kamran.

4.      BVCT asserts that at all times material hereto it was insured against claims filed against it pursuant to the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901, et seq.

## III.

### Affirmative Defenses

5.      BVCT asserts that the Plaintiff caused or contributed to his own injuries and damages in that he failed to exercise that degree of care imposed upon him by law and/or statute, thus rendering Plaintiff contributorily/comparatively negligent, such that any claims asserted herein by Plaintiff should be reduced and/or barred in consequence thereof and in proportion thereto.

6.      BVCT further asserts that Plaintiff failed to mitigate his damages and, consequently, engaged in conduct which exacerbated the damages sued upon herein.

7.      BVCT asserts that the injuries and damages, if any, alleged by Plaintiff are caused and/or related to pre-existing and/or subsequently occurring medical, genetic, and/or environmental conditions, substances, diseases or illnesses.

8.      BVCT additionally asserts that if it is cast in judgment, it is entitled to have the fact finder apportion fault under applicable law including but not limited to the benefits, protections and immunities embodied in §33.001 *et seq.* of the Texas Civil Practice and Remedies Code amended, supplemented and/or recodified.

9.      BVCT additionally asserts that Plaintiff is not entitled to punitive damages under the general maritime law based on the facts of this case.  Alternatively, Defendant pleads the application of §41.001 *et seq.* of the Texas Civil Practice and Remedies Code amended, supplemented and/or recodified if shown to be applicable.

10.     BVCT asserts in the alternative that if the Plaintiff is found to be its employee or contractor under the Longshore and Harbor Workers' Act, which is at all times denied, the Plaintiff's sole recovery from BVCT is for benefits and expenses pursuant to the Longshore and Harbor Workers' Compensation Act.

11.     In the alternative, BVCT asserts that the injury and damages complained of by the Plaintiff, if any, are related to incidents or events unrelated to the event on which his lawsuit is based and/or was caused by the fault of third persons, parties or entities for whose actions BVCT is not legally responsible.

12.     In the alternative, BVCT asserts that at all times material hereto the Plaintiff's employer or contractor was SFK, Inc. d/b/a SKK Marine ("SKK") and SFK, INC. d/b/a SFK SECON ("SFK) and that the Plaintiff was directed and controlled in his work only by SKK/SFK and no other person or entity including BVCT.

13.     By way of further Answer, BVCT hereby gives actual notice to the Plaintiff and all of the parties that any and all documents produced during discovery may be used against the Plaintiff and all other parties and any pretrial proceeding and/or trial of this matter without the necessity of authenticating the document.

## IV.

### Request for Jury Trial

Defendant requests a trial by jury on all issues herein.

**V.**

**Prayer**

WHEREFORE, PREMISES CONSIDERED, Defendant, BUREAU VERITAS COMMODITIES AND TRADE, INC. f/k/a INSPECTORATE AMERICA CORPORATION, prays that the Court dismiss the Plaintiffs' case and/or Plaintiffs take nothing by reason of this suit and that BUREAU VERITAS COMMODITIES AND TRADE, INC. f/k/a INSPECTORATE AMERICA CORPORATION be discharged of all liability herein. BUREAU VERITAS COMMODITIES AND TRADE, INC. f/k/a INSPECTORATE AMERICA CORPORATION further prays for such other and further relief, general and special, at law and in equity to which it may show itself justly entitled.

Respectfully submitted,

ALLEN & GOOCH
A LAW CORPORATION

_____
JOHN H. HUGHES (TX Bar # 00795170)
JohnHughes@allengooch.com
ALAN J. MECHE (TX Bar #24025530)
AlanMeche@AllenGooch.com
2000 Kaliste Saloom Road, Suite 400 (70508)
P.O. Box 81129
Lafayette, LA  70598-1129
Tel.:  337-291-1290
Fax:  337-291-1295
*Attorneys for BUREAU VERITAS COMMODITIES AND TRADE, INC. f/k/a INSPECTORATE AMERICA CORPORATION*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing instrument has this day been served on all parties through their counsel of record via email and by the Court's electronic filing system on this 19th day of March, 2020.

| | |
|---|---|
| Vuk Vujasinovic (Texas Bar:  00794800) | Robert L. Klawetter (SBN 11554700) |
| Vuk@vbattorneys.com | klawetter@easthamlaw.com |
| Job Tennant (Texas State Bar 24106501) | Christina K. Schovajsa (SBN 24002910) |
| Job@vbattorneys.com | Schovajsa@easthamlaw.com |
| | |
| Wade R. Quinn | Jared Cole Johnson |
| wquinn@ramey-chandler.com | jjohnson@sjm.com |

_____
JOHN H. HUGHES